1  LIONEL Z. GLANCY (#134180)
   MICHAEL M. GOLDBERG (#188669)
2  ROBERT V. PRONGAY (#270796)
   GLANCY BINKOW & GOLDBERG LLP
3  1925 Century Park East, Suite 2100
   Los Angeles, California 90067
4  Telephone: (310) 201-9150
   Fax: (310) 201-9160
5  E-mail: info@glancylaw.com

6  *Counsel for Plaintiff Scott Bruce*

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | SCOTT BRUCE, Individually and on Behalf of All Others Similarly Situated, | Case No. 3:12-CV-4061-RS |
12 | Plaintiff, | **STIPULATION AND ORDER TO CONTINUE THE INITIAL CASE MANAGEMENT CONFERENCE, RESET RELATED DEADLINES AND EXTEND DEFENDANT'S TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT** |
13 | v. | |
14 | SUNTECH POWER HOLDINGS CO. LTD., ZHENGRONG SHI, DAVID KING, AND AMY YIZHANG, | |
15 | | |
16 | Defendants. | **AS MODIFIED BY COURT** |
17 | | **[Civil L.R. 16-2, 7-12]** |
18 | | |
19 | | DATE:  November 1, 2012
       TIME:   10:00 a.m.
20 |   | COURTROOM: 3
       Honorable Richard Seeborg |

Pursuant to Civil Local Rules 16-2 and 7-12, Plaintiff Scott Bruce ("Plaintiff") and Defendant Suntech Power Holdings Co., Ltd. ("Defendant" or "Suntech") hereby agree and stipulate that good cause exists to request an order from the Court rescheduling the Initial Case Management Conference currently set for November 1, 2012, pursuant to this Court's August 1, 2012 Order Setting Initial Case Management Conference and ADR Deadlines (DE 5) (the "August 1, 2012 Order"), and to adjust accordingly the related deadlines set forth therein.

**RECITALS**

WHEREAS, on August 1, 2012, Plaintiff filed a putative class action complaint ("Complaint"), against Defendants Suntech, Zhengrong Shi ("Shi"), David King ("King"), and Amy Yi Zhang ("Zhang") (Shi, King, and Zhang are collectively referred to herein as the "Individual Defendants") for violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), Rule 10b-5 promulgated thereunder, and Section 20(a) of the Exchange Act.

WHEREAS, on September 6, 2012, a similar putative class action complaint was filed in this Court asserting the same or substantially similar claims against Suntech and the Individual Defendants, captioned, *Le v. Suntech Power Holdings Co., Ltd., et al.*, 12-cv-04655-YGR.

WHEREAS, on August 1, 2012, a similar putative class action complaint was filed in the United States District Court for the Central District of California asserting the same or substantially similar claims against, among others, Suntech and the Individual Defendants, captioned, *Henisz v. Suntech Power Holdings Co., Ltd., et al.*, C.D. Cal. No. 12-cv-06628-JAK.

WHEREAS, under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), when a putative class action alleging securities fraud is filed, a process must be followed whereby the plaintiff gives notice to the putative class, motion(s) for appointment of lead plaintiff are filed, and the Court appoints lead plaintiff(s) and approves the selection of lead counsel. 15 U.S.C. § 78u-4(a).

WHEREAS, Plaintiff provided notice to the putative class, and on October 1, 2012, various motions for consolidation of the related actions, appointment of lead plaintiff and approval of selection of lead counsel and liaison counsel were filed.

1    WHEREAS, a hearing on the motions to consolidate related actions and for appointment of lead plaintiff and approval of selection of lead counsel and liaison counsel is currently set for November 8, 2012.

WHEREAS, Plaintiff anticipates that the actions will be consolidated and that the lead plaintiff will accordingly need to file a consolidated amended complaint.

WHEREAS, on October 25, 2012, Plaintiff served Defendant Suntech with the summons and Complaint in this action.

WHEREAS, the Individual Defendants have not yet been served or appeared in this action.

WHEREAS, the August 1, 2012 Order directed the parties to meet, confer and complete initial disclosures on October 11, 2012.

WHEREAS, the parties believe that, in order to avoid the needless waste of the Court's and the parties' resources, it would be prudent to defer the initial case management conference and the completion of initial disclosures until the lead plaintiff has been appointed, the lead plaintiff's selection of lead counsel has been approved, the lead plaintiff has filed a consolidated amended complaint, Suntech has had the opportunity to file any motion to dismiss, and the Court has ruled on Suntech's anticipated motion to dismiss.

WHEREAS, the Parties further believe that postponement of initial disclosures and any discussions about discovery at this time is proper because the PSLRA stays all discovery and other proceedings, including initial disclosures, pending the disposition of motions to dismiss in securities actions such as this one. *See Medhekar v. United States Dist. Court*, 99 F.3d 325, 328-29 (9th Cir. 1996) (holding F.R.C.P. 26(a)'s initial disclosure requirements are disclosures or other proceedings for purposes of PSLRA's stay provision, and must be stayed pending disposition of motion to dismiss).

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, that:

1. Suntech need not answer, move or otherwise respond to the Complaint in this action until a date to be set following the appointment of a lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B) and the filing by such lead plaintiff of a consolidated amended complaint.

2. The Initial Case Management Conference shall be held 30 days after an order directing Suntech to file an answer (if any), or as soon as possible thereafter consistent with the Court's schedule.

3. This Stipulation is entered into without prejudice to any party seeking any interim relief.

4. Nothing in this Stipulation shall be construed as a waiver of any of Suntech's rights or positions in law or equity, or as a waiver of any defenses that Suntech would otherwise have, including, without limitation, jurisdictional defenses.

5. The Parties have not sought any other extensions of time in this action.

6. The Parties do not seek to reset these dates for the purpose of delay, and the proposed new dates will not have an effect on any pre-trial and trial dates as the Court has yet to schedule these dates.

WHEREFORE, the Parties respectfully request that this Court issue an order granting the parties' request to reset the Initial Case Management Conference and related deadlines as set forth in the following [Proposed] Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: October 29, 2012

GLANCY BINKOW & GOLDBERG LLP

By: */s/ Michael Goldberg*
Michael M. Goldberg
Lionel Z. Glancy
Robert V. Prongay
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Plaintiff Scott Bruce*

Dated: October 29, 2012

SHEARMAN & STERLING LLP

By: *s/Stephen D. Hibbard*
Stephen D. Hibbard
Four Embarcadero Center, Suite 3800
San Francisco, CA  94111
Telephone:  (415) 616-1100
Facsimile:  (415) 616-1199
Email:  shibbard@shearman.com

SHEARMAN & STERLING LLP
Jerome S. Fortinsky
599 Lexington Avenue
New York, NY  10022
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179
Email: jfortinsky@shearman.com

*Counsel for Defendant Suntech Power Holdings Co., Ltd.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Initial Case Management Conference to be held February 14, 2013 at 10:00 a.m., unless otherwise ordered.

DATED:  10/30/12

_____
Hon. Richard Seeborg
United States District Judge