Europe." (CAC ¶ 116.) While plaintiffs offer this statement to show that Suntech knew GSF Capital held only a possessory interest in the purported backstop collateral, they present no facts reflecting that the statement was false or explain how it demonstrates King's control over any actionable statements.

Plaintiffs also aver King made knowingly or recklessly false and misleading statements by signing a Sarbanes-Oxley certification which falsely certified the accuracy of Suntech's financial statements and sufficiency of Suntech's internal controls. (CAC ¶¶ 31, 108.) As noted above, standard Sarbanes-Oxley certifications, standing alone, are insufficient to show a 10(b) violation. Therefore, an assertion that King exercised control over such statements cannot sustain 20(a) liability. Plaintiffs further quote Suntech's 2011 20-F disclosure regarding GSF and the GSF Loan Guarantee, but suggest nothing more than that King signed the accompanying Sarbanes-Oxley certification. (CAC ¶ 110.) Plaintiffs do not allege that King exercised any role as to the remainder of the 20-F disclosure, which only Shi signed. Because plaintiffs fail to allege with particularity that King exercised control over any alleged 10(b) violations by Suntech, the Section 20(a) claim as to King must be dismissed, with leave to amend.

## V. CONCLUSION

The motion to dismiss is granted with leave to amend. Any amended complaint shall be filed within 30 days of the date of this order.

IT IS SO ORDERED.

Dated: December 26, 2013

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE