UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT BRUCE, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SUNTECH POWER HOLDINGS CO., LTD, et al.,<br><br>　　　　　Defendants. | Case No. 12-cv-04061-RS<br><br>**ORDER FOR NOTICE AND HEARING** |

The Court having reviewed and considered the Unopposed Motion for Preliminary Approval of Class Action, Stipulation of Settlement and Notice to the Settlement Class (the "Motion") filed by Lead Plaintiffs James Bachesta, Thanh Le and Chen Weifeng (collectively, "Lead Plaintiffs"), as well as all papers submitted in support thereof, and having reviewed and considered the terms and conditions of the proposed Settlement as set forth in the Stipulation of Settlement between Lead Plaintiffs, on behalf of themselves and each member of the Class (as defined below), and Defendant Zhengrong Shi ("Defendant" or "Shi"), dated August 14, 2015 (the "Stipulation"), a copy of which has been submitted with the Motion and the terms of which are incorporated herewith, and all other prior proceedings in this Action, good cause for this Order having been shown:

**IT IS HEREBY ORDERED**:

1.　　The terms of the Stipulation are hereby preliminarily approved, subject to further consideration at the Final Approval Hearing provided for below.

2.     Capitalized terms used in this Order that are not otherwise identified herein have the meanings assigned to them in the Stipulation.

3.     For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), this Action is conditionally certified as a class action on behalf of the following persons (the "Class"):  All persons or entities that purchased or otherwise acquired Suntech Power Holdings Co., Ltd. ("Suntech") American Depositary Shares ("ADS") or Suntech 3.0% Convertible Senior Notes between August 18, 2010 and July 30, 2012, inclusive, and were damaged thereby as alleged in the Operative Complaint or the Amended Complaint.  Excluded from the Class are Defendant, Suntech, all directors and officers of Suntech during the Class Period and members of their immediate families and their legal representatives, heirs, successors or assigns and any trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities, or in which Defendant or Suntech has or had a controlling interest.

4.     Solely for purposes of the proposed Settlement, the Court preliminarily finds that each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Class; (d) Lead Plaintiffs and Co-Lead Counsel have and will fairly and adequately represent and protect the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action. The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Class, the scheduling of the Final Approval Hearing and the dissemination of Notice to Class Members, each as provided for in this Order.

5.     The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as class representatives for the Class.  The Court also appoints

the law firms of Cohen Milstein Sellers & Toll PLLC and Pomerantz LLP ("Co-Lead Counsel") as class counsel for the Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6.     The conditional certification of the Class, Class Plaintiffs and Class Counsel provided for herein is solely for purposes of effectuating the Settlement. If the Stipulation is terminated or the Settlement is not consummated for any reason, the foregoing conditional certification of the Class and appointment of the Class Plaintiffs and Class Counsel shall be void and of no further effect and the Parties to the Stipulation shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the Parties to the Stipulation might have asserted in the Action.

7.     The Court orders the stay of the litigation pending in this Court and enjoins the initiation of any new litigation by any Class Member in any court, arbitration or other tribunal that includes any Released Claims (as defined in the Stipulation) against Defendant or any of the Released Persons. This stay shall not be construed to stay any claim by a creditor of Suntech Power Holdings Co., Ltd. ("Suntech") to be reimbursed in any bankruptcy proceeding for any debt the creditor is owed by Suntech, provided that any such claim is unrelated to the claims set forth in the Amended Complaint or Operative Complaint.

8.     Co-Lead Counsel is hereby authorized to retain the firm of KCC Class Action Services as Claims Administrator to supervise and administer the notice and claims procedures.

9.     The Court approves the form, substance and requirements of (a) the Notice, (b) the Proof of Claim and (c) the Summary Notice, substantially in the forms attached as Exhibits A-1, A-2 and A-3 hereto. The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice in the manner and form set forth in this Order (i) are the best notice practicable under the circumstances; (ii) constitute notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of their right to object to the Settlement, of their right to exclude themselves from the Class and of their right to appear at the Final Approval Hearing; (iii) constitute due, adequate and sufficient notice to all persons and

entities entitled to receive notice of the proposed Settlement; and (iv) satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1, as amended, and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

10. The Court approves the establishment of a Class Notice and Administration Fund of up to $200,000, as set forth in the Stipulation, to be used for the purpose of paying the reasonable fees and expenses incurred by, and the reasonable fees charged by, the Claims Administrator in connection with the administration and notice of the Settlement, including the costs of providing the notice to the Class as specified in this Order. The costs of providing notice to the Class as specified in this Order shall be paid in accordance with the provisions of the Stipulation. The Court authorizes payment out of the Settlement Fund of all Taxes and Tax Expenses, as defined in the Stipulation.

11. As soon as practicable after entry of this Order, but not later than 30 calendar days after entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of each of the Notice and Proof of Claim, substantially in the forms of Exhibits A-1 and A-2 hereto, to be mailed by first-class U.S. mail, postage pre-paid, to each potential Class Member who has been or that may be identified through reasonable efforts, including but not limited to the nominee procedures set forth herein.

12. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities that purchased Suntech Securities during the Class Period as record owners but not as beneficial owners. Pursuant to the Notice, each nominee shall either (a) send the Notice and Proof of Claim to Class Members for which they act as nominee by first class mail within seven calendar days after the nominee receives the Notice; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven calendar days after the nominee receives the Notice and, in the event

of the latter, the Claims Administrator shall promptly send by first-class U.S. mail the Notice and Proof of Claim to all Class Members on the list received from the nominee. The Claims Administrator shall, if requested, reimburse banks, brokerage houses or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such reimbursement.

13. Within ten calendar days of the Notice Date, Co-Lead Counsel shall cause the publication of the Summary Notice, substantially in the form of Exhibit A-3 hereto, in PR Newswire and Globe Newswire and shall post the full Notice, Proof of Claim form and any other appropriate documents on a website to be developed for the Action by the Claims Administrator, from which copies of the Notice and Proof of Claim form can be downloaded. Co-Lead Counsel shall file with the Court and serve upon Defendant's Counsel no later than 14 calendar days prior to the Final Approval Hearing an affidavit or declaration stating that Notice has been provided as set forth in this Order and that the Summary Notice has been published in accordance with the terms of this Order.

14. The Notice to be provided as set forth in this Order is hereby found to be the best means of notice to members of the Class that is practicable under the circumstances, and when completed, shall constitute due and sufficient notice of the Stipulation and Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement or the Final Approval Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

15. Any Class Member who wishes to participate in the Settlement Fund must complete and submit a valid Proof of Claim to the address indicated in the Notice, postmarked on or before the date specified in the Notice. To be valid, a Proof of Claim must: (a) be complete in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (b) include the release by the claimant of all Released Persons as set forth in the Stipulation; and (c) be signed with an affirmation (notarization not required) that the

1 information is true and correct.  All Class Members that do not submit valid and timely Proofs of Claim or do not submit valid and timely Requests for Exclusion pursuant to ¶ 16 herein, will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation, the Settlement, and all proceedings, determinations, orders and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment, and the Releases provided for therein.

16. Any member of the Class may request exclusion from the Settlement and this Action in the manner and with the consequences described herein, provided that all such Requests for Exclusion must be postmarked or received by the Claims Administrator no later than 21 days prior to the Final Approval Hearing (the "Opt-Out/Objection Deadline").  A Request for Exclusion must be in writing and must clearly state (a) the name and address of the Person requesting exclusion and, in the case of entities, the name and telephone number of the appropriate contact person; (b) that the sender specifically requests to be excluded from the Class in *Bruce v. Suntech Power Holdings Co., Ltd.*; (c) the Person's or entity's purchases, acquisitions or sales of Suntech Securities during the Class Period, including, for each purchase, acquisition or sale, the type of Suntech Securities, the date, number and principal amount paid or received for each purchase, acquisition or sale of Suntech Securities; and (d) must be signed by the Person requesting exclusion or an authorized representative.  The Request for Exclusion shall not be effective unless it provides all of the foregoing information, is legible and is made within the time stated above, or unless the exclusion is otherwise accepted by the Court.  All Requests for Exclusion must be addressed to the Claims Administrator at:

> *Bruce v. Suntech Power Holdings Co., Ltd.*,
> c/o KCC Class Action Services
> 75 Rowland Way, Suite 250
> Novato, California 94945

Co-Lead Counsel may contact any Person that has submitted a Request for Exclusion, or his, her or its attorney if one is designated, to discuss the exclusion.  Any Person that timely and validly requests exclusion in compliance with the terms stated in this Order shall not be bound by the

<< SHORT ORDER TITLE >>
CASE NO. 12-cv-04061-RS

terms of the Settlement or any orders or judgments in the Action relating to the Settlement and shall not receive any payment from the Net Settlement Fund.

17. Co-Lead Counsel shall obtain from the Claims Administrator and file with the Court no later than three Business Days prior to the Final Approval Hearing a list of all Persons who or that submitted valid Requests for Exclusion to the Claims Administrator by the Opt-Out/Objection Deadline.

18. Any Class Member that does not file a timely and complete Request for Exclusion from the Settlement by the Opt-Out/Objection Deadline (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement; (b) shall be forever barred from requesting exclusion from the Settlement in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation, the Settlement and all proceedings, determinations, orders and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment and the Releases provided for therein whether favorable or unfavorable to the Class; and (d) shall be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Persons, as more fully described in the Stipulation and the Notice.

19. A hearing (the "Final Approval Hearing") shall take place before the undersigned, United States District Judge Richard Seeborg on February 11, 2016, at 1:30 p.m., in Courtroom 3 of the United States District Court for the Northern District of California, San Francisco Courthouse, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102 to determine:

(a) whether the Court should finally certify the Class and whether the Lead Plaintiffs and Co-Lead Counsel have adequately represented the Class;

(b) whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

(c) whether the Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and whether the Release of the Released Persons as set forth in the Stipulation should be ordered;

(d) whether the Court should permanently enjoin and bar the assertion of any Released Claims;

(e) whether the Fee and Expense Application submitted by Co-Lead Counsel should be approved;

(f) whether the Plan of Allocation should be approved;

(g) whether any Class Member's timely objection to the Settlement, the Fee and Expense Application, and/or the Plan of Allocation should be sustained; and

(h) such other matters as the Court may deem necessary or appropriate.

20. The Court reserves the right to adjourn the Final Approval Hearing, including the consideration of any Fee and Expense Application, without further notice to Class Members.

21. The Court may finally approve the Stipulation at or after the Final Approval Hearing with any modifications agreed to by the Parties and without further notice to Class Members. The Court may approve the Settlement and enter the Judgment regardless of whether it has approved the Fee and Expense Application and/or the Plan of Allocation.

22. Any Class Member that has not submitted a Request for Exclusion may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the Final Approval Hearing, provided, however, that no person shall be heard, and no papers, briefs or other submissions shall be considered by the Court in connection with those matters unless, on or before the Opt-Out/Objection Deadline, such Person files with the Clerk of Court a notice of such person's intention to appear, together with a signed statement setting forth the name, address and telephone number of the Person objecting, such Person's objections, if any, to the matter to be considered and the basis therefore, together with any documentation that such Person intends to rely upon at the Final Approval Hearing, including documentation evidencing that such person is a Class Member.

23. Any Class Member that does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the

proposed Settlement and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement or from otherwise being heard concerning the Settlement in this or any other proceeding.

24. Any submission to the Court in support of approval of the Settlement or the Plan of Allocation, or in support of the Fee and Expense Application, shall be filed no later than 35 calendar days before the date scheduled for the Final Approval Hearing.

25. Any response to any timely-filed objection to the Settlement, Plan or Allocation, or Fee and Expense Application shall be filed no later than seven calendar days before the date scheduled for the Final Approval Hearing.

26. Any member of the Class who fails to request exclusion from the Settlement or that fails to object in the manner prescribed herein shall be deemed to have waived, and shall be foreclosed forever from raising objections or asserting any Released Claims.

27. Neither the Stipulation nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Lead Plaintiffs, their Co-Lead Counsel, any Class Members, Defendant, the Released Persons (as defined in the Stipulation), or any other person of liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and neither the Stipulation nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Lead Plaintiffs, or any Class Members or any person has or has not suffered any damage.

In the event that the Settlement is terminated or is not consummated for any reason, this Order shall be vacated and rendered null and void, without prejudice to the rights of the Parties and their positions in the Action before the Stipulation was executed.

1  **IT IS SO ORDERED**.

3  Dated: October 8, 2015

_____
RICHARD SEEBORG
United States District Judge