1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10   SCOTT BRUCE, et al.,                        Case No.  12-cv-04061-RS

              Plaintiffs,

11

12        v.                                     ORDER OF FINAL APPROVAL AND
                                                 FINAL JUDGMENT
13   SUNTECH POWER HOLDINGS CO.,
     LTD, et al.,

14              Defendants.

15

16        WHEREAS the Court has been informed that Plaintiffs James Bachesta, Thanh Le and

17   Chen Weifeng (collectively "Lead Plaintiffs"), and Defendant Zhengrong Shi ("Defendant") have

18   reached a mutually agreeable settlement of this Action and have entered into a Stipulation of

19   Settlement, executed on August 14, 2015 (the "Stipulation");

20        WHEREAS this matter came before the Court for hearing on  February 11, 2016, pursuant

21   to the Order for Notice and Hearing entered on October 8, 2015, on the application of the Lead

22   Plaintiffs for final approval of the Settlement as set forth in the Stipulation;

23        WHEREAS The Court has heard all persons properly appearing and requesting to be

24   heard, read and considered the motion and supporting papers and found good cause appearing;

25        **NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

26        1.       This Order of Final Approval and Final Judgment (the "Judgment") incorporates by

27   reference the definitions in the Stipulation, and all capitalized terms used in this Judgment that are

28   not otherwise identified herein have the meanings assigned to them as set forth in the Stipulation.

United States District Court
Northern District of California

2.   The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Class.

3.   On February 11, 2016, the Court held a Final Approval Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Stipulation. In reaching its decision in this Action, the Court considered the Stipulation, the Court file in this case, and the presentation by Co-Lead Counsel on behalf of the Lead Plaintiffs and the Class in support of the fairness, reasonableness and adequacy of the Settlement.

4.   As recognized in the Order for Notice and Hearing, the Court previously conditionally certified a Class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3).

5.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its decision certifying the following Class for purposes of settlement only:

> All persons or entities who purchased or otherwise acquired Suntech American Depositary Shares or Suntech 3.0% Convertible Senior Notes between August 18, 2010 and July 30, 2012, inclusive, and who were damaged thereby as alleged in the Operative Complaint or the Amended Complaint.  Excluded from the Class are Defendant, Suntech, all directors and officers of Suntech during the Class Period, and members of their immediate families and their legal representatives, heirs, successors, or assigns and any trust, company, entity or affiliate controlled or owned by any of the excluded persons and entities, or in which Defendant or Suntech has or had a controlling interest.

6.   The Court finds, for the purposes of the Settlement only, that the prerequisites to a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Court-appointed Lead Plaintiffs are typical of the claims of the Class they represent; (d) the Lead Plaintiffs have and will continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other

United States District Court
Northern District of California

1   available methods for the fair and efficient adjudication of the controversy.

2   　　　　7.　　　In the Order for Notice and Hearing, the Court preliminarily approved the Notice

3   and found that the proposed form and content of the Notice to the Class Members satisfied the

4   requirements of due process, as well as the Private Securities Litigation Reform Act of 1995

5   ("PSLRA"), 15 U.S.C. § 78u4(a)(7).   The Court reaffirms that finding and holds that the best

6   practicable notice was given to Class Members under the circumstances and constitutes due and

7   sufficient notice of the Settlement, Stipulation in support thereof and Final Approval Hearing to all

8   persons affected by and/or entitled to participate in the Settlement or the Final Approval Hearing.

9   No Class Member is relieved from the terms of the Settlement, including the releases provided for

10   therein, based on the contention or proof that such Class Member failed to receive actual or

11   adequate notice.   The Court finds that a full opportunity has been afforded to Class Members to

12   object to the Settlement and/or to participate in the Final Approval Hearing.   Furthermore, the

13   Court hereby affirms that due and sufficient notice has been given to the appropriate State and

14   Federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715.

15   　　　　8.　　　The Court has determined that the Settlement is fair, reasonable and adequate and is

16   hereby finally approved in all respects.   In making this determination, the Court has considered

17   factors with respect to fairness, which include "(1) the strength of the plaintiff's case; (2) the risk,

18   expense, complexity and likely duration of further litigation; (3) the risk of maintaining class

19   action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery

20   completed; (6) the experience and views of counsel; (7) the presence of a governmental

21   participant; (8) the reaction of the class members to the proposed settlement; and (9) the absence

22   of collusion in the settlement procedure." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575

23   (9th Cir. 2004).

24   　　　　9.　　　The Court has considered the submissions of the Parties along with the entire

25   record in this Action, all of which show that there remains substantial risk and uncertainty as to

26   whether Lead Plaintiffs and the Class will ultimately prevail on their claims.   In light of this risk

27   and uncertainty, the Court finds that the benefits available directly to the Class Members, as

28

ORDER OF FINAL APPROVAL AND FINAL JUDGMENT
CASE NO. 12-cv-04061-RS

3

reflected in the payment set forth in ¶ 10, represent a fair, reasonable and adequate resolution.

10.     Defendant has agreed to pay or cause to be paid $5,000,000 in cash for the benefit of the Class.  Among other things, the recovery of individual Class Members depends on the number of shares of Suntech American Depositary Shares and the amount of Suntech 3.0% Convertible Senior Notes those Class Members purchased and sold and the prices and amounts of transactions by other Class Members who filed claims.

11.     The Court finds that the proposed Plan of Allocation is fair, just, reasonable and adequate and is finally approved in all respects.

12.      In addition to finding the terms of the proposed Settlement to be fair, reasonable and adequate, the Court determines that there was no fraud or collusion between the Parties or their counsel in negotiating the terms of the Settlement, and that all negotiations were made at arm's length.  Furthermore, the terms of the Stipulation make it clear that the process by which the Settlement was achieved was fair.  Finally, there is no evidence of unethical behavior, want of skill or lack of zeal on the part of Co-Lead Counsel.

13.     This Judgment shall be binding on all Class Members, including Lead Plaintiffs, except for the Class Members who filed timely and valid requests for exclusion, as listed on Exhibit 1, attached hereto.  Further, the Action and Released Claims are hereby dismissed with prejudice as against Defendant, Suntech and all Released Persons.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

14.     Upon the Effective Date, Lead Plaintiffs on behalf of each Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not any individual Class Member executes and delivers the Proof of Claim.

15.     Upon the Effective Date, Lead Plaintiffs and each Class Member and anyone claiming through or on behalf of any of them, by operation of this Judgment, shall be forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration, tribunal, administrative forum or other forum

1    of any kind, asserting any of the Released Claims against any of the Released Persons.

2         16.    Upon the Effective Date, Defendant, on behalf of himself and the Released

3    Persons, shall hereby be deemed to have, and by operation of this Judgment shall have, fully,

4    finally and forever, released, relinquished, settled and discharged the Lead Plaintiffs, the members

5    of the Class, and any of their attorneys, including Co-Lead Counsel, and shall be permanently

6    barred and enjoined from instituting, commencing, or prosecuting any Settled Defendant's Claims

7    against any of them directly, indirectly or in any other capacity.

8         17.    In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or

9    regulation, any and all claims which are brought by any Person or entity against Defendants (a) for

10   contribution or indemnification arising out of any Released Claims, or (b) where the damage to the

11   claimant is measured by reference to the claimant's liability to the Lead Plaintiffs or the Class, are

12   hereby permanently barred and discharged.  Any such claims brought by Defendants against any

13   Person or entity (other than Persons or entities whose liability to Lead Plaintiffs or the Class is

14   extinguished by this Judgment) are likewise permanently barred and discharged.  Notwithstanding

15   the foregoing, nothing in this Judgment shall bar or otherwise affect any rights or claims of any

16   Released Person under any directors' and officers' liability insurance or other applicable insurance

17   coverage.

18        18.    The Court finds and concludes that during the course of this Action, the Defendant,

19   Lead Plaintiffs and their respective counsel complied with the requirements of Rule 11 of the

20   Federal Rules of Civil Procedure.  No Party or their respective counsel violated any of the

21   requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to any of the

22   complaints filed in this Action, any responsive pleadings to any of the above complaints or any

23   motion with respect to any of the above complaints.  The Court further finds that Lead Plaintiffs

24   and Co-Lead Counsel adequately represented the Class Members for purposes of entering into and

25   implementing the Settlement.

26        19.    The Court finds that the law firms preliminarily approved as Co-Lead Counsel in

27   its prior Order for Notice and Hearing are comprised of competent and experienced attorneys and

28

1    have adequately and aggressively represented the interests of the Class Members.  The Court

2    therefore certifies and appoints the law firms of Cohen Milstein Sellers & Toll PLLC and

3    Pomerantz LLP to serve as Class Counsel on behalf of the Class for purposes of this settlement

4    only.

5        20.    For purposes of this settlement only, the Court hereby certifies James Bachesta,

6    Thanh Le and Chen Weifeng as Class Plaintiffs representing the Class defined herein.

7        21.    The Court hereby awards Class Counsel 28 % of the balance of the settlement

8    funds and interests after deduction of (1) settlement administration expenses and (2) costs awarded

9    herein, to be allocated among plaintiffs' counsel in the sole discretion of Class Counsel.  Class

10   Counsel shall also receive $95,445.21 for reimbursement of expenses.

11       22.    The attorneys' fees and expenses approved by the Court herein shall be payable

12   from the Settlement Fund to Class Counsel five (5) Business Days after entry of this Judgment,

13   notwithstanding the existence of any potential appeal or collateral attack on this Judgment.

14       23.    Without further order of the Court, the Parties may agree to reasonable extensions

15   of time to carry out any of the provisions of the Stipulation.

16       24.    If the Settlement is terminated as provided in the Stipulation or the Effective Date

17   otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no

18   further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall

19   be without prejudice to the rights of the Parties, and the Parties shall revert to their respective

20   positions in the Action immediately prior to their execution of the Stipulation as provided therein.

21       25.    Nothing in this Judgment shall in any way impair or restrict the rights of the Parties

22   to enforce the terms of the Stipulation.

23       26.    Without affecting the finality of this Judgment, the Court reserves continuing and

24   exclusive jurisdiction over all matters relating to the administration, implementation, effectuation

25   and enforcement of the Stipulation, the Settlement and this Judgment.

26   There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of

27   the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

28

United States District Court
Northern District of California

ORDER OF FINAL APPROVAL AND FINAL JUDGMENT
CASE NO. 12-cv-04061-RS

**IT IS SO ORDERED**.

Dated:  February 12, 2016

_____

RICHARD SEEBORG
United States District Judge

United States District Court
Northern District of California